YOUNGS *v.* AUDITOR GENERAL.

TAX SALES—REDEMPTION—CERTIFICATE OF ERROR.

>  Where a city council, assuming the invalidity of a sidewalk tax for a certain year, ordered the tax reassessed in the following year, and the land was sold for the taxes of both years, and the owner, in due season, sought to redeem from the second sale, the auditor general was justified in canceling the former sale, and issuing a certificate of error thereon, under section 98, subd. 2, of the tax law of 1893, authorizing such action in cases where the tax was paid "within the time limited by law for the payment or redemption thereof."
>  HOOKER, J., and GRANT, C. J., dissenting.

*Certiorari* by Clark W. Youngs to review the action of Roscoe D. Dix, auditor general, in issuing a certificate of error. Submitted June 10, 1898. Writ quashed November 15, 1898.

*W. S. Hill*, for petitioner.

*Henry E. Chase*, Deputy Attorney General (*E. C. Chapin*, of counsel), for respondent.

HOOKER, J.  Hinds was owner of city lots in Stanton. In 1893 the city authorities built a sidewalk adjacent to these lots, and a special tax was spread therefor against the lots. The tax not being paid, they were bid in for the State, and the State title was sold in June, 1897, to Sherwood, and in September, 1897, he conveyed the property to the plaintiff. On January 10, 1898, the auditor general issued a certificate of error canceling the deed to Sherwood, and assigning in the certificate, as ground therefor, that the land was erroneously returned delinquent, advertised for sale, and sold for taxes assessed for the year 1893, for the reason that the warrant for the collection of taxes did not include sidewalk taxes for that year. A writ of *certiorari* was issued to the auditor general, and the retur

shows that the certificate of error was given for the reason above stated.   The return also shows that it was at the same time shown to the auditor general that the record of the common council of the city of Stanton showed that, after said sidewalk was built by the city, a report was made of the cost thereof, and a resolution to assess the sum of $17.67 against these lots; but the record did not show that any action was taken upon the resolution; and that the record of the council showed further that in March, 1894, a report was made by a committee of the council of the uncollected taxes, and that,—

"Owing to a clerical error on the part of Supervisor Lucas in spreading said taxes on the roll, it was considered inadvisable by City Attorney Miller to force collection on the same.   Your committee would recommend the correction of the assessment on P. S. Dodge's description, which was spread at $17.67, but by the county clerk in the certificate at $27.86, and the reassessment for 1894 of the above-mentioned sidewalk tax."

It was further made to appear that, by reason of the foregoing, the common council caused this tax to be reassessed in the year 1894, and that, being returned delinquent, the land was sold for said tax.   On June 29, 1897, on application of Sherwood, this last sale was canceled, for the reason that it was made to appear that the land had been sold in 1893 for the same tax that was reassessed in 1894.   On November 30, 1897, Hinds, the owner, applied to redeem from the sale of 1894, and was informed that the same had been canceled.   Thereafter, on full investigation, the auditor general canceled the deed for the tax of 1893, and permitted Hinds to redeem from the tax of 1894.

The plaintiff in *certiorari* contends that matters are set up in the return that are not responsive to the affidavit, and that they are immaterial; that the cancellation must stand upon the alleged defective warrant, if anything; and that, as a defective warrant does not invalidate the lien of the State (*Auditor General* v. *Sparrow*, 116

Mich. 574), the action of the auditor general was erroneous.

The circuit court, by its decree, adjudged these lands to be chargeable with and subject to sale for the nonpayment of this tax. *Muirhead* v. *Sands*, 111 Mich. 487. The auditor general, by his action, has held that they were not, and the reasons alleged to justify such action are that the tax was not ordered, and that it had been reassessed. In short, he has reversed the decree of the circuit court.

Section 98, Act No. 206, Pub. Acts 1893, allows the auditor to cancel sales upon any one of three grounds:

1. That the land was not subject to taxation at the date of the assessment of the taxes for which it was sold.
2. That the tax had been seasonably paid.
3. That the sale was in contravention of some provision of the act.

None of these grounds are shown. The land was subject to taxation, the tax had not been seasonably paid, and no irregularity in the sale is shown. This order was therefore erroneous, and should be set aside. The plaintiff in *certiorari* should recover costs against Hinds.

GRANT, C. J., concurred with HOOKER, J.

LONG, J. I cannot agree with my Brother HOOKER in this case. Whether or not the common council had the power to cancel the tax of 1893 need not be discussed. Such action was taken by the council that the owner of the premises, Mr. Hinds, had the right to assume that he would not be called upon to pay the tax of 1893, as it was reassessed for the year 1894. It appears by the return of the auditor general that on November 30, 1897, Mr. Hinds, the then owner of the land, applied to him for the redemption of the land under the sale for the tax of 1894. This application was made within the time when such lands were redeemable after sale, and the auditor general very properly received the amount of the tax tendered at that time, and canceled the sale for the tax of 1893, which he

was empowered to do under subdivision 2, § 98, Act No. 206, Pub. Acts 1893. It is apparent that the owner of the land was led by the action of the common council to believe that by the reassessment in 1894 he would not be called upon to pay the tax within the time limited for the collection thereof under the assessment of 1893, and that a payment of it under the reassessment would be a full compliance with the statute. Feeling secure in this position, he delayed the payment until November 30, 1897, and then it was ascertained that the tax of 1893 had been returned to the auditor general, and a sale made thereunder, and his right to redeem apparently cut off. The auditor general, realizing this condition, and ascertaining that the owner had been misled by the public authorities, canceled the sale of 1893, and received the money in payment of the reassessed tax.

The proceedings in the premises must be affirmed, and writ of *certiorari* quashed.

MONTGOMERY and MOORE, JJ., concurred with LONG, J.